**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Justin Jarvis Jerome Phillips,

             Case No. 26-10357

   Plaintiff,

v.               Hon. Jonathan J.C. Grey

Michael J. McCarthy, *et al.*,

   Defendants.

_____/

**<u>OPINION AND ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES OR COSTS
(ECF No. 2) AND DISMISSING COMPLAINT (ECF No. 1)</u>**

## I.  INTRODUCTION

On February 2, 2026, pro se Plaintiff Justin Jarvis Jerome Phillips filed this 42 U.S.C. § 1983 civil rights action (ECF No. 1) and an application to proceed in forma pauperis (ECF No. 2). Phillips sues Defendants Michael J. McCarthy, Hannah Hunter, Michael J. McCarthy, PC, Ronald Ambrose, Judge Mariam Saad Bazzi, Judge Tracy E. Green, Regional Managed Assigned Counsel Office ("RMACO"), Rachel Leona McRipley, the City of Livonia, Wayne County, and Frank Hardester, alleging First and Fourteenth Amendment violations and a *Monell* claim in connection to his "pending state appellate and probation-related

proceedings in Wayne County, Michigan." (ECF No. 1, PageID.1.) The underlying state court proceedings against Phillips are ongoing. (*Id.*, PageID.1–2, 5.)

Along with his complaint, Phillips filed a motion for a temporary restraining order and preliminary injunctive relief. (ECF No. 3.) The motion alleges imminent and irreparable harm with respect to the state court's enforcement of "forced hybrid representation," which he alleges "imposes ongoing constitutional injury by compelling [Phillips] to function as counsel while denying clear self-representation or effective counsel." (ECF No. 3, PageID.24.) Phillips also asserts that he faces the "loss of appellate rights, inability to timely brief issues, and deadlines skewed by transcript obstruction." (*Id.*)

For the reasons that follow, the Court **GRANTS** in forma pauperis status, allowing Phillips to proceed without prepayment of the filing fee for this action. However, the Court **DISMISSES** the action as frivolous.

## II.  BACKGROUND

According to the complaint, Phillips is "an indigent defendant with pending appellate proceedings in the Wayne County Third Circuit Court arising from Livonia ordinance prosecutions." (ECF No. 1, PageID.5.)

2

McCarthy and Ambrose were appointed to represent Phillips in his pending appeals. (*Id.*, PageID.5–6.)

Phillips contends that McCarthy has: (1) "ceased meaningful consultation and communication and failed to provide core advocacy functions necessary to prosecute [his] appeals;" (2) "filed submissions and made representations … [that] were misleading or false in material respects;" (3) from December 15, 2024 to present, refused to investigate exculpatory evidence, withheld or delayed the production of transcripts, and inappropriately sought continuances;  and (4) "at all relevant times" utilized Hunter, a "non-lawyer staff," "to communicate with [Phillips] regarding legal matters related to [his] court-appointed representation." (*Id.*, PageID.6–7.) Hunter "failed to forward legal correspondence, filings, and materials to [Phillips]," which "contributed to missed time, confusion, and impairment of [Phillips'] appellate rights." (*Id.*)

Phillips asserts that Ambrose, too, failed to provide meaningful representation. (*Id.*, PageID.7.) Specifically, Ambrose "directed [Phillips] to draft subpoenas and perform litigation tasks himself," which has subjected Phillips to "forced hybrid representation." (*Id.*)

The complaint alleges that Judge Bazzi, the judge initially overseeing Phillips' cases, was made aware of the ongoing issues but would "only address [the problems] 'if all parties were present,'" and no corrective action was ultimately taken. (*Id.*, PageID.8.) Judge Green took over the cases, Phillips renewed his concerns, and she, too, failed to take corrective action. (*Id.*)

Finally, Phillips claims that: (1) the court administrative enforcement practices "obstructed [his] appellate access, including by striking pro se filings or refusing to accept filings while counsel of record remained assigned," and (2) RMACO, the "indigent defense oversight system responsible for appointment and supervision of assigned counsel[,] failed to intervene after notice of abandonment and forced hybrid representation, and failed to implement remedial measures to protect [Phillips'] appellate rights." (*Id.*, PageID.8–9.)

"As a result of the above, [Phillips asserts that he] has suffered and continues to suffer actual injury, including loss of time, skewed deadlines, impaired ability to brief issues, increased risk of forfeiture, and ongoing threat of irreparable procedural harm to his appeals." (*Id.*)

4

## III.   LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore,* 114 F.3d at 608–609 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x

356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants are not, however, excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## IV.   ANALYSIS

The Court finds that Phillips is unable to prepay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. However, the Court finds that Phillips' complaint must be dismissed because it is frivolous.

### A.   Abstention under *Younger*

The doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from interfering in ongoing criminal proceedings. *See also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). It is well-established that the *Younger* doctrine "provides that a federal court should abstain from interfering in a state court action when: (1) there is an ongoing state

judicial proceeding[;] (2) the state proceeding implicates important state interests[;] and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)).

"Having determined that the three requirements for *Younger* abstention are met in a given case," the Sixth Circuit "will normally order a district court to dismiss a complaint unless the plaintiff can show that one of the exceptions to *Younger* applies, such as bad faith, harassment, or flagrant unconstitutionality." *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). These exceptions are to be "interpreted narrowly." *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986)). "Plaintiffs bear the burden of demonstrating the existence of one of the exceptions to *Younger* abstention." *Susselman v. Att'y Grievance Comm'n*, No. 25-10660, 2026 WL 483597, at *8 (E.D. Mich. Feb. 20, 2026) (citing *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)).

The Court finds that all three criteria are met here: (1) there is an ongoing state judicial proceeding; (2) the State of Michigan has a

significant interest in adjudicating Phillips' state court matters; and (3) Phillips has the ability and right to raise constitutional challenges in that forum. *See e.g.*, *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003). Further, Phillips has not adequately set forth a reason why the Michigan state courts cannot fully and fairly litigate his constitutional claims. While he states he previously "placed [both judges] on notice" of the alleged violations and that they failed to take "corrective action" (ECF No. 1, PageID.8–9), the Court "must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citation omitted). Phillips may raise or continue to raise constitutional issues in the pending state court proceedings.

For the reasons set forth in this section, the Court **DISMISSES** Phillips' cause of action against all defendants. Accordingly, the Court lacks jurisdiction to consider Phillips' motion for a temporary restraining order and preliminary injunctive relief.

### B. Defendants McCarthy, Michael McCarthy, PC, Hunter, and Ambrose

Additionally, Phillips fails to state a § 1983 claim against

McCarthy, McCarthy, PC,[1] Hunter, and Ambrose.

To prevail on a § 1983 claim, Phillips must allege: (1) he suffered a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendants caused this harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). However, defense attorneys cannot be sued under § 1983. *Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citation omitted) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding.").

Applying the law to the facts presented in the complaint, the Court finds McCarthy, McCarthy, PC, Hunter, and Ambrose were not acting under color of state law. Therefore, Phillips' claims against these defendants must also be dismissed for failure to state a claim.[2]

---

[1] Phillips sues McCarthy, PC as the corporation owned by McCarthy that "employed and supervised nonlawyer staff, including Defendant Hannah Hunter, and acted under color of state law through court-appointed representation of indigent defendants." (ECF No. 1, PageID.3.)

[2] The Court also notes that dismissal would be appropriate for any potential state claims because there is no diversity of the parties that would allow for subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## C.  Judicial Immunity

Judge Bazzi and Judge Green are also absolutely immune from civil suits for money damages, including § 1983 suits. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir.1997). "Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief." *Moniz v. Weipert*, No. 2:20-CV-12705, 2021 WL 1720897, at *4 (E.D. Mich. Apr. 30, 2021) (citing 42 U.S.C. § 1983). Absolute judicial immunity is overcome only where the judge's actions are not taken in the judge's judicial capacity (i.e., nonjudicial actions) or "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted); *see also Barnes*, 105 F.3d at 1116 (same).

Phillips' claims against both judges involve the performance of their judicial duties, and he has not put forth adequate facts to overcome this entitlement to immunity. Accordingly, Judge Bazzi and Judge Green are absolutely immune from suit and the claims against them also must be dismissed on this basis.

10

## V.    CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Phillips'

application to proceed without prepaying fees or costs (ECF No. 2) is

**GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss

is **DENIED AS MOOT** (ECF No. 8).

**IT IS FURTHER ORDERED** that this cause of action is

**DISMISSED** and shall be designated as **CLOSED** on the docket.

**SO ORDERED**.

<u>**s/ Jonathan J.C. Grey**</u>
Jonathan J.C. Grey

Dated April 17, 2026                United States District Judge

11

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2026.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager

12